Honorable Richard Curtis State Representative, 18th District P.O. Box 40600 Olympia, WA 98504-0600
Dear Representative Curtis:
By letter previously acknowledged, you have requested an opinion on the following two questions (although we reverse the order of the questions):
 1. Does a growth management hearings board have the authority to remand a case back to the county or city after an action has been initiated before the board in instances where the county or city wants to amend its comprehensive plan and development regulations after its initial adoption?
 2. Is WAC 242-02-720 consistent with state law in respect to the procedure for dismissal of cases, or does the rule go beyond statutory authority?
 BRIEF ANSWER
We conclude in response to your first question that the Growth Management Act provides no authority for growth management hearings boards to remand a case to a county or city for the purpose of amending its comprehensive plan or development regulations, except when the board has found the county or city to be out of compliance with the Growth Management Act. Hearings boards may grant continuances of proceedings for the purpose of settlement under circumstances defined in statute. We further observe that the fact that a petition is pending before the hearings board does not deprive the city or county of authority to amend [original page 2] these documents. The local government may therefore amend its comprehensive plan or development regulations even though a petition is pending.
In response to your second question, we conclude that the cited administrative rule falls within the scope of statutory rulemaking authority accorded jointly to the three growth management hearings boards and, having resolved your first question in the manner described, we need not consider whether the rule is inconsistent with statute.
 ANALYSIS
1. Does a growth management hearings board have the authority to remand a case back to the county or city after an action has been initiated before the board in instances where the county or city wants to amend its comprehensive plan and development regulations after its initial adoption?
The Growth Management Act (GMA) applies to land use planning in counties that are covered by the Act. RCW 36.70A.040(1), (2) (describing counties covered by GMA). Covered counties, and cities within those counties, are required to engage in various planning activities required by the GMA. RCW 36.70A.040(3), (4) (outlining planning requirements).
The GMA established three regional growth management hearings boards, with authority to hear matters pertaining to planning by the cities and counties located within their jurisdictional boundaries. RCW 36.70A.250. The hearings boards have the authority to hear and determine petitions alleging failures to comply with the requirements of the GMA or other specified land use planning laws.[1] RCW 36.70A.280.
A growth management hearings board exercises a form of quasi-judicial authority over the planning decisions that local governments make under the GMA. RCW 36.70A.280. The legislative authority to make the planning decisions required by the GMA is vested in the legislative authorities of the cities and counties that are covered by the GMA. RCW 36.70A.040(3), (4). The GMA therefore contemplates legislative decision-making by the covered jurisdictions, with quasi-judicial review by the hearings boards for compliance with the GMA.
You inquire as to whether, once a city or county has adopted a comprehensive plan or development regulation, and a petition challenging it has been filed, the board has the authority to send the matter back to the applicable city or county so that its legislative body can consider potential amendments to the plan. In providing background for your questions, you explain that some counties and cities have questioned whether a hearings board has the authority to remand a case when the legislative authority of a county or city wants to amend its comprehensive plan or development regulations after an action has been brought against the county or city before a hearings board, but before the board has made a decision. For example, if a county's [original page3] comprehensive plan is challenged before a growth management hearings board, it is conceivable that upon reviewing the nature of the challenge, the county commissioners might prefer to amend the plan rather than litigate its merits before the board. The question then arises as to whether, in this circumstance, the board can send the matter back to the local jurisdiction for purposes of amending the plan.
Growth management hearings boards are required by statute to set matters for hearing "[u]nless the board dismisses the petition as frivolous or finds that the person filing the petition lacks standing, or the parties have filed an agreement to have the case heard in superior court". RCW 36.70A.290(3). The board is also instructed by statute to resolve petitions by final order, determining whether the unit of government involved is in compliance with the GMA. RCW 36.70A.300(1). The statute affords the boards two options with regard to the final orders. The final order shall either find that the covered agency is in compliance with the law, or find that it is not in compliance. RCW36.70A.300(3).
The statutes expressly use the word "remand" only in the context of a final order holding that the governmental entity at issue is not in compliance with the GMA. RCW 36.70A.300(3)(b). The statutes make no mention of a "remand" option before the board has issued its final order, however. This is not to suggest that once properly commenced, a petition must proceed inexorably to hearing. The statutes expressly contemplate that a matter might be settled short of hearing. RCW 36.70A.300(2)(b) (authorizing extensions of time for the purpose of settling disputes). Indeed, most disputes in most tribunals are resolved short of trial. The statutes do not, however, authorize a "remand" for the purpose of amending the plan.
The Legislature has required that ordinarily the board shall issue a final order within 180 days of receipt of the petition. RCW 36.70A.300(2)(a). It authorizes continuances, but only under two circumstances. The board may grant one or more extensions of up to 90 days each, beyond the 180-day limit, but only if time is necessary for settlement and either "(i) an extension is requested by all parties, or (ii) an extension is requested by the petitioner and respondent and the board determines that a negotiated settlement between the remaining parties could resolve significant issues in dispute." RCW 36.70A.300(2)(b). A continuance for purposes of settlement may be a different means of approaching a similar objective to a remand. The Legislature has, however, limited the boards' discretion in granting continuances, apparently in furtherance of a public policy in favor of resolving petitions promptly. Where the continuance seems likely to bear fruit, based on the statutory criteria, this is a possible course, even though the statutes do not authorize remand for this purpose.
Another observation may also be relevant. Nothing in the GMA suggests that a city or county loses authority to legislate merely because a petition is pending before a hearings board. Indeed, the GMA mandates that covered jurisdictions subject their plans to continuing review. RCW 36.70A.130. The statute generally limits amendments to comprehensive plans to no more than one per year, but it does authorize more frequent amendments "to resolve an appeal of a [original page 4] comprehensive plan filed with a growth management hearings board or with the court."[2]
RCW 36.70A.130(2)(b).
The city or county may amend its comprehensive plan or development regulations at any time for the purpose of resolving an appeal. This assumes, of course, that the city or county complies with all requirements for public notice and participation, which may affect the length of time it takes to enact the amendment.[3] This may be significant given the presumed 180-day timeline for resolving appeals before the boards. In addition, the effect of any given amendment on the pending petition may become an issue to argue before the board.[4] The mere fact that the petition is pending would not preclude further legislative action. Indeed, the Legislature seems to have encouraged such actions by expressly authorizing plan amendments that potentially resolve pending petitions. RCW36.70A.130(2)(b).
We therefore respond to your first question by concluding that growth management hearings boards lack the authority to remand a matter back to the relevant governmental unit for the purpose of amending a comprehensive plan or development regulations. The filing of a petition with a growth management hearings board does not, however, divest the legislative authority of a city or county of its authority to make amendments at any time. Those amendments may affect the proceedings before the board, even in the absence of authority to remand.
2. Is WAC 242-02-720 consistent with state law in respect to the procedure for dismissal of cases, or does the rule go beyond statutory authority?
The three regional growth management hearings boards have jointly adopted a rule governing dismissal of actions, which provides:
 WAC 242-02-720 Dismissal of action. Any action may be dismissed by a board:
(1) When all parties stipulate;
 (2) Upon motion of the petitioner or respondent prior to the presentation of the respondent's case;
 (3) Upon motion by the respondent alleging that the petitioner has failed to prosecute the case, failed to comply with these rules, or failed to follow any order of the board; or
 [original page 5] (4) Upon a board's own motion for failure by the parties to comply with these rules or any order of the board.
WAC 242-02-720.
You inquire as to whether this rule is within the joint authority of the three boards to adopt procedural rules. The Legislature has granted authority to the growth management hearings boards, acting jointly, to "develop and adopt joint rules of practice and procedure, including rules regarding expeditious and summary disposition of appeals." RCW36.70A.270(7). The rule about which you inquire, governing dismissal of actions, falls within this grant of authority to develop rules of practice and procedure.
Even if a rule falls within the general scope of statutory rulemaking authority, the rule would be invalid if it contradicted a statute. Edelman v. Pub. Disclosure Comm'n,152 Wn.2d 584, 591, 99 P.3d 931 (2004). You explain in posing your question that some local governments have expressed a concern that WAC 242-02-720 does not allow the board to dismiss a case in circumstances not covered by the rule. In this respect, your inquiry apparently equates remand for purposes of allowing amendment of a comprehensive plan or development regulations with dismissal. If we had concluded in response to your first question that the boards have the authority to remand for the purpose of amending the comprehensive plan or development regulations, it would be necessary to consider whether a rule governing dismissal that fails to mention remand for this purpose contradicted any statute. Since we responded to your first question in the manner set forth above, no further analysis of this point is required.
We trust that you will find this analysis to be of assistance.
Sincerely,
 ROB MCKENNA Attorney General
 JEFFREY T. EVEN Assistant Attorney General
[1] For ease of reference, we refer to the substantive laws that the boards can consider simply as the "GMA," even though the boards also have authority over other specified laws.
[2] The prohibition against amendments more than once per year applies only to comprehensive plans; the statute does not mention development regulations in this light. RCW 36.70A.130(2)(a).
[3] See RCW 36.70A.035, .140 (requiring a program for public participation without mandating specific timelines). We express no opinion on the applicability of public participation requirements or the length of time that may be necessary to satisfy them.
[4] The subsequent amendments may raise issues as to whether the amendments render the appeal wholly or partially moot, or the board should or must consider the amended versions if it proceeds to a decision in the appeal. It is also possible that a new petition might be filed with a hearings board related to the amended version, which may or may not be consolidated with the initial matter. We do not analyze those issues here, except to observe that the circumstances of each case would probably dictate how they should be treated.